Yeates J.
I concur in the opinion delivered. I at once admit that the Court have no power to permit an amendment, which effects .a radical alteration of the ground of action, and such have been our decisions. At the same time, I think it is obvious,' that the 6th section of the act of 21st *362 March, 1806, was intended to have an operation beyond the statute of jeofails, which cured defects in form after verdict. The|amendment sanctioned by the Court in Clark v. Henning, 5 Binn. 35. proceeded on that ground. «But I cannot see any substantial material difference in the second count substituted for the former count. The prevention so much relied on occurs in both of the declarations, although the delivery of the grain is not alleged in the first.
Trover and case in the nature of á tort may be well joined-in the same action. The same process, plea, and judgment is applicable to both. The declaration is not. filed in trespass : and though trespass might be supported for the unlawful taking of another’s goods, yet case may glso be brought in a variety of instances. Thus if one take my horse, and ride him, trover will lie, though he afterwards delivers him to me: for the riding was a conversion* and the re-delivery only goes in mitigation of dámages. Bull. 46.
It is admitted that John Robinson was not excluded from giving testimony on the ground of interest. He was the agent for the heirs of John Wilson, deceased, who were entitled to distribution. The plaintiffs below could have no.cause of action, on account of their release: nor could the defendants, if a verdict was found either for or against them. Nor could the verdict in this cause be legally received in evidence against him. But it is contended that he was inadmissible on the grounds of general policy, from the mischievous consequences which would result from such testimony. No man, it is said, shall be allowed to make evidence for himself. The contract which he was offered to establish, was neither immoral, nor prohibited by any positive, law.. Admit that he would appear before the Court under suspicious cii'cumstances, his credit is to be weighed by the jury. This is the only protection, under the guidance of a well-informed and upright court, which any man can have against wilful false swearing. The same inconveniences may arise in many other cases. A factor who sells goods on commission may bring a suit in his own name, or in the ñamé of his principal, in which latter case he is a competent witness. So, it is settled,' that a bankrupt who has obtained his certificate may be examined as to every matter, except those facts which are necessary to support the commission.
I see no error in the proceedings, nor any misdirection in *363 point of law on the trial, and therefore am of opinion that the judgment be affirmed. .
Brackenridge J. was siqk and absent.
judgment affirmed.